JONES, JUDGE:
The claimant, General Foods Corporation, a corporation, filed its petition on April 21, 1972, seeking recovery of the sum of $28,590.95 from the respondent, State Tax Commissioner, said sum representing the West Virginia Soft Drink Taxes paid for soft drink tax stamps affixed to cyclamated soft drink products, which products and the stamps affixed thereto were destroyed at the direction of the respondent. The claimant contends that it has fully prosecuted its claim for a refund, which has been denied by respondent due to statutory restriction, and that, consequently, the State of West Virginia has been unjustly enriched in the amount paid for said stamps.
The facts of this case are not in dispute. By order of the Federal Commissioner of Foods and Drugs, dated October 17, 1969, it was directed that certain soft drinks and package mixes containing cyclamates be withdrawn from the general consumer market. On December 4, 1969, the respondent issued a memorandum to all manufacturers, bottlers, distributors and wholesale dealers of soft drinks containing cyclamates. This memorandum set forth the procedure to be followed for a refund of taxes prepaid on such products, and the requirements are summarized as: (1) petition for refund filed under oath; (2) affidavit of representative of the State Tax Department attesting to the destruction of the tax stamps; (3) indication in the petition as to whether the tax stamps were prepaid by taxpayers; and (4) at the discretion of the taxpayer a memorandum of legal authority. Representatives of the State Tax Department verified the destruction of various stocks of dry soft drink mixtures of the claimant *194 which contained cyclamates to which were affixed prepaid soft drink tax stamps in the face amount of $31,767.72. On the basis of the ten percent statutory discount allowed at the time the tax stamps were purchased, the claimant had paid $28,590.95 for such stamps. The claimant complied with the requirement set forth in the State Tax Department’s memorandum of December 4, 1969, and by its petition for refund filed with the State Tax Commissioner on or about January 26, 1971, sought a refund of said $28,590.95. A hearing was held on said petition on March 24, 1971, and by administrative decision of the State Tax Commissioner rendered July 21, 1971, it was determined that West Virginia Code 11-19-5 prohibited the allowance of a refund for the soft drink stamps affixed to the cyclamated soft drink mixes which were destroyed.
The claimant’s petition for a refund was filed pursuant to Code ll-l-2a, the pertinent part of which provides as follows:
“On and after the effective date of this section [July 1, 1967], any taxpayer claiming to be aggrieved through being required to pay any tax into the treasury of this State, may within five years from the date of the filing of the return in respect of which the tax was imposed or within four years from the date the tax was paid, whichever of such periods expires the later, or if no return was filed by the taxpayer, within four years from the time the tax was paid, and not after, file with the official or department through which the tax was paid, a petition in writing to have refunded to him any such tax or any part thereof, the payment whereof is claimed by him to have been required unlawfully; and if, on such petition, and the proofs filed in support thereof, the official collecting the same shall be of the opinion that the payment of the tax collected, or any part thereof was improperly required, he shall refund the same to the taxpayer by the issuance of his or its requisition on the treasury upon which the auditor shall issue his warrant as hereinafter provided; if the official collecting the same shall be in doubt as to whether or not such taxes were unlawfully paid, or if he be of the opinion that the payment of the tax collected, or any part thereof, was lawful, and the taxpayer within thirty days after notice of such opinion is not satisfied with the ruling of such official, then such tax official may on his own initiative, and shall, upon written notice so to do from the taxpayer given within said thirty- *195 day period, promptly institute against said taxpayer, in a court of competent jurisdiction, a declaratory judgment proceeding to ascertain whether any such tax, or part thereof, has been unlawfully collected; ***”
Code 11-19-5 provides in part as follows:
“The Commissioner shall allow to each purchaser of tax crowns, whether for cash or credit, a discount of twelve and one half percent of the tax value of such tax crowns. Such discount, and the discount allowed on the sale of tax stamps [ten percent], shall be in lieu of the allowance of any claim for refund by reason of the breakage or destruction of containers stamped or crowned as provided in this article, the spoliation of the soft drinks or syrups, or the loss or destruction of tax stamps or tax crowns.”
The summarizing paragraphs of the State Tax Commissioner’s decision of July 21, 1971, were as follows:
“After an examination of the Petition for Refund, stipulation of facts, record of the Hearing, exhibits, brief of the Tax Department, reply memorandum of taxpayer, and all other relevant documents and information, it was determined that Code 11-19 provides an exclusive remedy for refund of taxes paid under said statute by providing a discount in lieu of a refund and that a claim for refund cannot be sustained under the general refund statute, Code ll-l-2a. It was further determined that the Tax Department memorandum referred to above, cannot be considered, as argued by taxpayer, as crediting a right to a refund upon the fulfilling of the conditions set forth therein for the destruction of tax bearing soft drink packages. Rather, the conditions imposed therein are for the purpose of presenting a claim for refund in a posture that is ripe for consideration. There is no question but that taxpayer has so fulfilled these requirements.
It is not necessary at this time to consider the other questions presented in this cause. The question of whether there has been a confiscatory taking of property or whether there has been an extraterritorial exercise of the State’s taxing power are rendered moot by the disposition of this cause under the exclusive remedy doctrine.
*196 THEREFORE, it is the DECISION of Charles H. Haden, II, State Tax Commissioner, that General Foods Corporation’s Petition for Refund of soft drink tax in the amount of $28,590.-95 should be and hereby is denied, and in accordance with said DECISION, he will not issue his requisition on the Treasury of this State.”
The State Tax Commissioner based his decision on the proposition that Code 11-19-5 has exclusive application to this claim. Now the claimant agrees with the respondent’s contention and cites substantial authorities therefor. The West Virginia Supreme Court recognizes that where a statute imposes a specific excise tax, its refund procedures are exclusive, regardless of any general statute providing for tax refunds. See State of West Virginia v. Penn Oak Oil & Gas, Inc., 128 W. Va. 212 (1945). Also persuasive, when applied to this case, is the general rule that interpretation of legislative language must be done on the assumption that the legislature in making any specific statute is aware of existing statutes. The general refund provisions of Code ll-l-2a were enacted by the legislature in 1939, while the provisions of Code 11-19-5 pertaining to the discount in lieu of refund was adopted in the Soft Drink Tax Statute of 1951.
On May 25, 1972, the respondent moved the Court to dismiss this claim on the grounds that claimant has not exhausted its legal remedies. Having based its decision denying relief on the exclusiveness of Code 11-19-5, the respondent now contends that the claimant had a duty to appeal under Code ll-l-2a by giving written notice within thirty days from notice of the adverse opinion to the State Tax Commissioner to institute a declaratory judgment proceeding, which time has long since expired.
The claimant contends that the State should not be permitted to have its Kool-Aid and drink it too, and the Court is inclined to agree. If the provision of Code 11-19-5 apply exclusively to this claim, as both parties now contend, and we uphold the respondent’s decision on this issue, then the claimant will not be required to do a futile thing, and we conclude that the claimant does not have an adequate remedy at law.
There is no question that the State has been unjustly enriched. To permit the State to withhold refund of the prepaid tax in this case .would be unconscionable. It is our view of the intention of the Iegis- *197 lature that it adopted the discount provision in lieu of refund in Code 11-19-5 to cover the loss or destruction or failure to use tax stamps in the ordinary course of business, and not to a seizure and confiscation by authority of law. We agree that the State should not operate a stamp redemption business, but we also believe that the State should not sell tax stamps to a citizen and then confiscate them without compensation.
The several tax refund decisions of this Court to which counsel for the respondent has referred, are not applicable to this case.
Accordingly, an award is hereby made to the claimant, General Foods Corporation, in the amount of $28,590.95.
Award: $28,590.95.